ANDREW PETERSON AND SARAH PETERSON, RESPOND-
ENTS, v. SOVEREIGN CAMP OF THE WOODMEN OF
THE WORLD, APPELLANT.

Argued September 21, 1922—Decided November 20, 1922.

Where a local camp of the Woodmen of the World paid, out of a
fund in which the sovereign camp had no interest, the dues of
a member to the sovereign camp, the local camp was acting as
the agent of the member, and thus, while the member had not,
in fact, paid his dues to the local camp, there was no default
which would forfeit the certificate which the member had in the
sovereign camp.

On petition for reargument.

For the petitioner, *Harry Heher.*

*Contra, John A. Bernhard.*

The opinion of the court was delivered by

BERGEN, J.    At the March term, 1922, of this court, a
judgment of the Supreme Court in favor of plaintiffs was
affirmed (97 *N. J. L.* 497), and on the opening of the present
term a petition was filed by defendant praying a reargument
of the cause.    The propriety of granting this request was
duly argued, and, after due consideration of the petition
and argument, we are of opinion that a reargument should
be denied.    The basis of the petition is that the receipt of
monthly premiums by the local camp after due date was
beyond the authorized agency conferred on the local camp,
by the sovereign camp to act for it, and that, as by its rules
the non-payment of premiums on the due date, the certifi-
cate of insurance became automatically void, the local camp
could not reinstate the certificate by the acceptance of dues
after the date fixed by the constitution and by-laws of the
sovereign camp.    If the limited agency thus claimed be as-
sumed to exist, it does not follow that it controls this case.

It appears from the record that the local camp had a fund of $12,000, arising from dues paid by the members, in which the sovereign camp has no interest, but the insured has as a member of the local camp; that by a resolution of the local camp it was agreed that it would pay, out of its funds, all dues for one month of members as they fell due, to be later repaid to the local camp by the insured. Such was the course pursued in this case, and the local camp, in due course, forwarded the dues of the insured in the same manner as if he had in person paid them. He was not bound to pay in person, but could do so by the hands of any agent of his selection, and in this case the local camp had agreed to act as his agent and make the payments claimed to be in default for him out of the fund in which he had an interest, and as his agent did make the payment, there was no default in a payment which would forfeit the certificate. It was of no interest to the sovereign camp who paid the money, and the application by the local camp of money belonging to the insured, to the payment of dues under the agreement of agency for that purpose, had the same effect as if paid by the insured in person. The real situation is that the local camp had in hand a sum of money in which the insured had an interest, out of which it agreed to pay a premium for him when it fell due, and did so, forwarding the money to the sovereign camp without default. We think that the local camp was the agent of the insured to pay the premium out of the fund in its hand in which he had an interest; that it had in hand as agent of the insured the premium of ninety cents, the alleged default in payment of which is the basis of the attempted forfeiture, and that it was sent to defendant and accepted as payment from the local camp in due course. The cases of *Northern Assurance Co.* v. *Grand Building View Assn.*, 183 *U. S.* 308, and *Woodmen of America* v. *Tevis*, 117 *Fed. Rep.* 369, have been considered, but in our opinion do not apply to the facts in this case, where the local camp acted as agent for its members in payment of dues.

The application is denied.